NO. 12-01-00061-CR





IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KENNETH JACKSON,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

 Kenneth Jackson ("Appellant") appeals his conviction for possession of a controlled
substance with intent to deliver. A jury found him guilty as charged. The trial court assessed
punishment at eight years of imprisonment and a $2,500.00 fine. Appellant raises one issue on
appeal. We affirm.


Background


 The police went to an apartment in Palestine, Texas, due to reports of drug trafficking in the
apartment. When the police knocked on the door, Appellant opened the door holding a lit "blunt,"
which is a hollowed-out cigar filled with marijuana. Marijuana smoke wafted from the apartment. 
Based on the probable cause which the police then had as a result of the plain view of the marijuana,
they entered the apartment, where they seized approximately forty cigars laced with marijuana and
numerous packages of a substance they believed, and which subsequent tests determined to be, crack
cocaine. Appellant and the other two occupants of the apartment were arrested for possession of the
controlled substances, cocaine and marijuana. 

 Appellant's indictment alleged he did "intentionally and knowingly possess, with intent to
deliver, a controlled substance, namely, Cocaine, in an amount of four grams or more but less than
200 grams." At trial, a Department of Public Safety Criminal Lab chemist testified the substance
she identified as "cocaine present as a cocaine base" had a total weight of 48.51 grams, including
adulterants and dilutants. She admitted that she did not conduct additional tests to determine the
amount of pure cocaine included in the cocaine-based substance, and was unable to testify as to the
amount of pure cocaine contained in the State's evidence. 

 Appellant's counsel argued that the indictment alleged that Appellant had possessed "pure"
cocaine and moved for a directed verdict contending that the evidence was legally insufficient to
prove the cocaine substance contained more than four grams but less than two hundred grams of
"pure" cocaine. The court denied the motion.

 The court's jury charge tracked the indictment, stating that Appellant "did then and there
unlawfully, intentionally or knowingly possess with intent to deliver, a controlled substance, namely,
cocaine, weighing four grams or more but less than two hundred grams." The jury charge also
included a lesser included offense of possession of less than one gram of cocaine. 

 The jury charge substantially quoted section 481.002(5) of the Texas Health and Safety Code,
stating, "'Controlled substance' means a substance, including a drug, an adulterant, a dilutant, and
an immediate precursor, listed in Schedules I through V or Penalty Groups 1, 1-A or 2 through 4. 
The term includes the aggregate weight of any mixture, solution or other substance containing a
controlled substance." 

 Appellant's counsel objected to the charge, and specifically to including adulterants and
dilutants in the weight of the substance. Appellant's counsel argued that the indictment did not
include any reference to adulterants and dilutants, and, therefore, he argued, the indictment alleged
that the substance Appellant was charged with possessing was "pure" cocaine. The trial court
overruled Appellant's objection to the jury charge.


Legal Sufficiency of the Evidence

 Appellant raises one issue on appeal in which he contends the evidence is legally insufficient
to support the element that the substance was more than four grams of cocaine, as alleged in the
indictment and jury charge.

Standard of Review

 In reviewing a legal sufficiency question, we must view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); Whitaker v. State, 977 S.W.2d 595, 598 (Tex. Crim. App.
1998); Mason v. State, 905 S.W.2d 570, 574 (Tex. Crim. App. 1995). The trier of fact, here, the
jury, is the exclusive judge of the credibility of witnesses and of the weight to be given their
testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); Williams v. State, 692
S.W.2d 671, 676 (Tex. Crim. App. 1984). The jury is entitled to draw reasonable inferences from
the evidence. Benavides v. State, 763 S.W.2d 587, 588-89 (Tex. App.-Corpus Christi 1988, pet.
ref'd). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the
jury. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). Sufficiency of the evidence
is measured by the hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997).

Analysis

 Under section 481.112 of the Health and Safety Code, a person commits the offense of
possession with intent to deliver a controlled substance if the person "knowingly manufactures,
delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." Tex.
Health & Safety Code Ann. § 481.112(a) (Vernon Supp. 2002). If the amount of controlled
substance is "by aggregate weight, including adulterants or dilutants, four grams or more but less
than 200 grams," the offense is a first degree felony. Tex. Health & Safety Code Ann. §
481.112(d) (Vernon Supp. 2002). Section 481.102 lists the substances that are in Penalty Group 1,
and includes cocaine. Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2002). Appellant contends that the State, having alleged possession of between four and two
hundred grams of "a controlled substance, namely, Cocaine," was required to prove that he possessed
the alleged amount of "pure cocaine." Prior to 1997, Appellant's interpretation of the indictment
that Appellant suggests would have been required by case law. See Reeves v. State, 806 S.W.2d 540,
544 (Tex. Crim. App. 1990). However, in 1997, the definition of "controlled substance" was
amended by the Texas Legislature to add the phrase "an adulterant, and a dilutant . . ." to the
definition. (1) The new definition states that "'[c]ontrolled substance' means a substance, including
a drug, an adulterant, a dilutant, and an immediate precursor. . . ." Tex. Health & Safety Code
Ann. § 481.002(5) (Vernon Supp. 2002). The Seventy-Fifth Legislature also added the following
sentence: "The term includes the aggregate weight of any mixture, solution or other substance
containing a controlled substance." Act of May 26, 1997, 75th Leg., R.S., ch. 745, § 1, 1997 Tex.
Gen. Laws 2411; see Tex. Health & Safety Code Ann. § 481.002(5). Our disposition of
Appellant's issue turns on the interpretation of this amended definition.

 When called upon to interpret the legislative intent of a statute or code provision, an appellate
court is guided by two principles. First, we "focus our attention on the literal text of the statute in
question and attempt to discern the fair, objective meaning of that text at the time of its enactment." (2) 
Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). That is to say, we "give effect to the
plain meaning of the statute or provision unless doing so would lead to absurd consequences that
were not possibly intended by the legislature." Warren v. State, 971 S.W.2d 656, 660 (Tex. App.-Dallas 1998, no pet.) (citing Boykin, 818 S.W.2d at 785). Second, we keep in mind that "[i]n
enacting an amendment the Legislature is presumed to have changed the law, and a construction
should be adopted that gives effect to the intended change, rather than one that renders the
amendment useless." Ex parte Trahan, 591 S.W.2d 837, 842 (Tex. Crim. App. 1980). In other
words, we presume the legislature intends to change the law when it amends a statute. Where a
statute is clear and unambiguous, a court is not to add or subtract from the statute; rather, the
judiciary is to "faithfully follow the specific text that was adopted." Boykin, 818 S.W.2d at 785.

 As noted, the legislature in 1997 specifically expanded the definition of a "controlled
substance" to include the terms "adulterant" and "dilutant," and stated that, as regarding the
aggregate weight, the term included the enumerated substance, as well as other substances containing
the controlled substance. After applying the principles discussed above, we conclude that the clear,
logical intent of the legislature was to permit prosecution for possession of a controlled substance
based on the total weight, without regard for the proportion of enumerated substance or the amount
of adulterants or dilutants. 

 The indictment alleges that Appellant possessed a controlled substance, cocaine. The
definition of "controlled substance" specifically includes "the aggregate weight" of the mixture, and
the language of the indictment is sufficient to charge that the controlled substance Appellant
possessed included cocaine as well as adulterants and dilutants having an aggregate weight of 48.51
grams. The evidence before the jury was that the substance found in Appellant's apartment was
crack cocaine. "Crack cocaine" (3) is a mixture or solution which includes cocaine and other
substances, which are combined, heated and then cooled. The result is a mixture or solution which
solidifies into a brittle substance. The evidence showed that the aggregate weight of the seized
controlled substance was 48.51 grams, including the cocaine base and the adulterants and dilutants. 

 The trial court correctly charged the jury, in language that tracked the statute, to consider the
total weight of the seized material, which includes the weight of the adulterants and dilutants,
together with the cocaine. Based upon our interpretation of "controlled substance," no variance
existed between the indictment and the jury charge. The testimony of the State's chemist was that
the total amount of the substance, both the cocaine and the adulterants and dilutants, was 48.51
grams. The jury, based on the correct definition given them in the jury charge, and based on the
evidence by the State's chemist, found Appellant guilty as charged.

 Viewing the evidence in the light most favorable to the verdict, we find that there was legally
sufficient evidence on which the jury, as the trier of fact, could have found the essential elements of
the crime beyond a reasonable doubt. The testimony set forth above was legally sufficient to support
the conviction of Appellant. The State's chemist testified that the total weight was 48.51 grams, and
the amount was within the statutorily established guidelines of between four and two hundred grams,
as alleged in the indictment. Therefore, Appellant's issue as it relates to legal sufficiency is
overruled.

 Having found no reversible error, we affirm the judgment of the trial court.



 SAM GRIFFITH 

 Justice



Opinion delivered July 24, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


























(PUBLISH)
1. Act of May 26, 1997, 75th Leg., R.S., ch. 745, § 1, 1997 Tex. Gen. Laws 2411.
2. The function of the judiciary to interpret statutes was expressed by the Texas Supreme Court as follows: 


 "Courts must take statutes as they find them. More than that, they should be willing to take them as they
find them. They should search out carefully the amendment of a statute, giving full effect to all of its terms. But
they must find its intent in its language, and not elsewhere. They are not the law-making body. They are not
responsible for omission in legislation. They are responsible for a true and fair interpretation of the written law. It
must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply
such as the words of the law in their plain sense fairly sanction and will clearly sustain. Simmons v. Arnim, 110
Tex. 309, 324, 220 S.W. 66, 70 (1920). The role of the judiciary, as a separate, co-equal and independent branch of
government, to interpret statutes is contained in Tex. Const. art. II, § 1. See Mays v. Fifth Court of Appeals, 755
S.W.2d 78, 80-81 (Tex. 1988) (Spears, J., concurring).
3. Crack cocaine is a solution of cocaine hydrochloride, baking soda, and water. Redman v. State, 848
S.W.2d 710, 712 (Tex. App.-Tyler 1992, no pet.).